G. W. MURCHISON v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 4218.   Decided March 11, 1925.

(269 S. W., 1113).

Mandamus—Public Lands—Sale—Forfeiture.

The Commissioner of the General Land Office having, following the rulings of the Supreme Court in Weaver v. Robison and Watley v. Robison, 114 Texas, 272, 315, reinstated relator as purchaser of public land improperly re· sold before forfeiture of his rights as previous purchaser, his petition for mandamus to require such action is dismissed at his cost on his motion. (P. 416).

Motion by relator to dismiss his petition for mandamus against the Commissioner of the General Land Office, he having granted the relief sought by such petition.

The Supreme Court, having referred this case to the Commission of Appeals, Section B. here dismisses same on motion of relator as recommended by the Commission.

*E. C. DeMontel, Black & Morrow,* and *Chas. L. Black,* for relator.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commision of Appeals, Section B.

This is an original action in mandamus by the relator to require the Land Commissioner of this State to re-instate his claim to a tract of public free school land in Henderson County, Texas, which the State had sold him, and, without forfeiting his contract as by law required, proceeded prematurely to advertise the land for resale.

On the third day of March, 1925, the relator filed a motion herein as follows:

"Comes now the Relator, and respectively shows to the Court that, since the institution of this proceeding, the Respondent. J. T. Robison, Commissioner of the General Land Office of the State of Texas. has voluntarily reinstated the Relator as a purchaser of the land referred to in his Petition, and that, therefore, the further prosecution of this proceeding has become unnecessary.

"Accordingly, Relator prays that the cause be dismissed at his cost."

This case is ruled by our opinions in the cases of Weaver v. Robison. Commissioner, and Watley v. Robison, Commissioner, and which opinions were adopted by the Supreme Court on December 20, 1924, See: .268 S. W. R. 133, and 142. In those cases we held there could be no valid advertisement such as required by law before the lands advertised were forfeited and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The re-instatement of the relator in the instant case by the Commissioner followed the decisions aforesaid.

We recommend that the aforesaid motion, filed by relator herein, be granted and this cause dismissed at his cost.

Cause dismissed on motion of relator at his cost as recommended by the Commission of Appeals.

                                                                C. M. *Cureton,* Chief Justice.